1  Nathaniel L. Dilger (SBN 196203)
   ndilger@onellp.com
2  Peter R. Afrasiabi (SBN 193336)
   pafrasiabi@onellp.com
3  **ONE LLP**
   4000 MacArthur Blvd., East Tower, Suite 500
4  Newport Beach, CA 92660
   Telephone:   (949) 502-2780
5  Facsimile:    (949) 258-5081

6  Attorneys for Plaintiff
   Knolly Bikes Inc.

7

8

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11

12  KNOLLY BIKES INC., a Canadian        | Case No.   5:20-cv-02571
    corporation under the laws of the
13  province of British Columbia,        | **COMPLAINT FOR PATENT
                                           INFRINGEMENT**
14
                                         | **DEMAND FOR JURY TRIAL**
15         Plaintiff,

16  v.

17  INTENSE CYCLES, INC., a California
    corporation,
18
           Defendant.

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR PATENT INFRINGEMENT**

For their Complaint against Intense Cycles, Inc. ("Intense Cycles" or "Defendant"), Plaintiff Knolly Bike Inc. ("Knolly Bikes" or "Plaintiff") hereby allege as follows:

## I.   NATURE OF THE ACTION

1.   This is an action for patent infringement of United States Patent No. 10,363,988 (the "'988 Patent") ("Patent-in-Suit"), arising under the Patent Laws of the United States, 35 U.S.C. §1, *et seq.*, seeking damages and other relief under 35 U.S.C. § 281, *et seq.*

## II.   THE PARTIES

2.   Plaintiff is a corporation, incorporated under the laws of the province of British Columbia, Canada with a principal office located at #106 – 8327 Eastlake Drive, Burnaby, BC V5A 4W2 Canada.

3.   Upon information and belief, Defendant is a corporation organized under the laws of California with a principal office located at 42380 Rio Nedo Road, Temecula, California 92590.

4.   Upon information and belief, Defendant sells and offers to sell products and services throughout the United States, including in this District, and introduces products and services into the stream of commerce and that incorporate infringing technology knowing that they would be sold in this District and elsewhere in the United States.

5.   Upon information and belief, Defendants conducts a significant, persistent and regular amount of business in this District through product sales by its distributors, customers, and resellers and through online marketing, and derives substantial revenue from such business.

## III.   JURISDICTION AND VENUE

6.   This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

/ / /

COMPLAINT FOR PATENT INFRINGEMENT

7.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8.      Venue is proper in this District under 28 U.S.C. § 1400(b) as the Defendant is a California corporation.

9.      Upon information and belief, this Court has personal jurisdiction over Defendant because it is incorporated in California and has purposefully availed itself of the privileges and benefits of the laws of the State of California.  Further, Defendant is subject to this Court's general and specific personal jurisdiction because Defendant has sufficient minimum contacts within the State of California, pursuant to due process and/or the California Long Arm Statute, because Defendant purposefully availed itself of the privileges of conducting business in the State of California, and because Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of California, including regularly doing or soliciting business and deriving substantial revenue from products and services provided to individuals in this District.  Furthermore, Defendant's United States headquarters is located within this district.  The exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

## IV.   BACKGROUND

10.     Knolly Bikes is a mountain bike designer and manufacturer based in British Columbia, Canada.

11.     Knolly Bikes in leading innovator in the area of mountain bike design and has been awarded multiple patents on their cutting-edge suspension technology, including U.S. Pat. No. 10,363,988, U.S. Pat. No. 8,646,797, U.S. Pat. No. 7,980,579, U.S. Pat. No. 7,467,803, each entitled "Rear Suspension for Bicycles."  Knolly Bikes is led by its CEO and chief designer, Noel Buckley, who is also the named inventor of the foregoing patents.

12.     Knolly's patented suspension technology allows better control over four key forces in bike design:

**COMPLAINT FOR PATENT INFRINGEMENT**

(a)    Pedaling Efficiency

(b)    Traction (inversely proportional to Pedaling Efficiency)

(c)    Rear Brake Interaction pre-loading the Rear Shock (i.e. negatively affecting both traction and suppleness)

(d)    Rear Shock Progression (often called "Leverage Curve")

13.    The '988 patent discloses a bicycle suspension system having a frame with a down tube and a seat tube, a bottom bracket, a rear wheel, a rear suspension, a rear shock absorber, and a linkage pivotably mounted on the frame for coupling said rear suspension to said shock absorber for controlling the wheel path of said rear wheel.  In a preferred embodiment, the longitudinal axis of the seat tube intersects the downtube at a location spaced forward from the bottom bracket.  Among other advantages, the claimed invention allows for the at least 4 inches of adjustability of the seat height within the seat tube and at least four inches of vertical "travel" of the rear wheel.

## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 10,363,988

14.    Plaintiff hereby restates the allegations contained in the preceding paragraphs above as if fully set forth herein.

15.    On July 30, 2019, U.S. Patent No. 10,363,988, entitled "Rear Suspension System for Bicycles" was duly and legally issued by the United States Patent and Trademark Office.

16.    Plaintiff is the assignee and owner of the right, title, and interest in and to the '988 Patent, including the right to assert all causes of action arising under the '988 patent and the right to any remedies for infringement of the '988 Patent.

17.    Defendant has infringed and continues to infringe the '988 Patent under 35 U.S.C. § 271, literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United

/ / /

**COMPLAINT FOR PATENT INFRINGEMENT**

States without authorization, at least the following infringing mountain bike models, (collectively, "the Accused Bikes"):

        (a)    Tracer

        (b)    Carbine

        (c)    Tazer E-Bike

        (d)    Primer 29

        (e)    Primer S

        (f)    Primer 27.5

18.    Based on Plaintiff's preliminary investigation to date, the Accused Bikes infringe one or more claims of the asserted '988 patent, including at least Claims 15 and 17.  Exhibit A.

19.    On information and belief, Defendant's infringement of the '988 patent has been full knowledge and awareness that Defendant's making, using, selling, offering for sale, and importation of the Accused Bikes constitutes infringement of the '988 patent.

20.    Knolly Bikes and its patented suspension technology is well-known within the mountain bike industry, including to Defendant.  And Plaintiff has prominently marked its own patented mountain bikes in full compliance with the marking requirements of 35 US Code § 287.  On information and belief, Defendant has examined Plaintiff's patented mountain bike models in the course of designing the Accused Bikes.  Defendant thus has – for at least this reason – full knowledge of the '988 patent and their infringement thereof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

    a.    Declaring that Defendant has infringed the '988 Patent and that such infringement was willful.

/ / /

**COMPLAINT FOR PATENT INFRINGEMENT**

b.    Awarding damages arising out of Defendant's infringement of the '988 Patent to Knolly Bikes, together with prejudgment and post-judgment interest, in an amount according to proof.

c.    As a consequence of Defendant's willful infringement, trebling the foregoing damages award in accordance with 35 U.S.C. § 284.

d.    Awarding attorneys' fees to Knolly Bikes pursuant to 35 U.S.C. § 285 or as otherwise permitting by law.

e.    Awarding such other costs and further relied as the Court may deem just and proper.

Dated: December 14, 2020          **ONE LLP**

By: */s/ Nathaniel L. Dilger*
        Nathaniel L. Dilger
        Peter R. Afrasiabi

        Attorneys for Plaintiff
        Knolly Bikes Inc.

**COMPLAINT FOR PATENT INFRINGEMENT**